## FIGUEROA, etc., et al. v NORTH MIAMI MEDICAL CENTER, LTD., et al.

### Case No. 89-51858

Eleventh Judicial Circuit, Dade County

December 12, 1989

### APPEARANCES OF COUNSEL

**Gary M. Carman, Esquire, and Gayle E. Miller, Esquire,** Holland & Knight, for plaintiffs, Miguel Figueroa, M.D., et al.

**Stanley H. Wakshlag, Esquire, and Lorraine Jahn, Esquire,** Akerman, Senterfitt & Eidson, for defendants, Anesthesia Associates.

**James M. Grippando, Esquire, Emily Wheeler, Esquire, and Paul J. Schwiep, Esquire,** Steel Hector & Davis, for defendants, North Miami Medical Center and Republic Health Corporation of North Miami.

### OPINION OF THE COURT

RICHARD S. FULLER, Circuit Judge.

*ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY INJUNCTION*

THIS CAUSE came on to be heard at a duly noticed hearing held

on December 8, 1989 upon Plaintiffs' Application for a Temporary Injunction, and, the Court, having heard testimony of numerous witnesses, having reviewed the affidavits of record and exhibits attached thereof, having reviewed extensive legal memoranda and having heard argument of counsel,

ORDERS and ADJUDGES:

1. Plaintiffs' claims arise out of their objections to a contractual arrangement between the Defendants, NORTH MIAMI MEDICAL CENTER, LTD. ("NMMC") and REPUBLIC HEALTH CORPORATION OF NORTH MIAMI ("REPUBLIC") with the Defendant PAVILACK, KARCH, LIPTON, BARAN & AST, P.A. d/b/a ANESTHESIA ASSOCIATES OF HOLLYWOOD, P.A. ("ANESTHESIA ASSOCIATES") pursuant to which ANESTHESIA ASSOCIATES is to provide anesthesiology services at Parkway General Hospital on an exclusive basis. Parkway General Hospital was acquired by the Defendant, NMMC on December 1, 1989.

2. Exclusive contracts between hospitals and providers of medical services, including anesthesiologists, are legally permissible and appropriate. *Jefferson Parish Hosp. Dist. No. 2 v Hyde,* 104 S.Ct. 1551 (1984). *See also, Hospital Corp. of Lake Worth v Romaguera,* 511 So.2d 559 (Fla. 4th DCA 1986).

3. Parties such as NMMC and ANESTHESIA ASSOCIATES have a legal right to contract with each other to the exclusion of claims of third parties such as those which have been asserted by the Plaintiffs herein. Furthermore, parties such as NMMC and ANESTHESIA ASSOCIATES are justified in acting as they have to protect their economic or contractual interests. *Nitzberg v Lalesky,* 370 So.2d 389 (Fla. 3d DCA 1979); *See also, Ethyl Corp. v Balter,* 386 So.2d 1220 (Fla. 3d DCA 1980).

4. Plaintiffs also claim that they are entitled to a hearing under applicable hospital by-laws since allegedly their medical staff privileges are being effectively terminated or reduced. However, the exclusive arrangement between NMMC and ANESTHESIA ASSOCIATES has not terminated or reduced Plaintiffs' medical staff privileges, which remain intact. *Collins v Associates Pathologists, Ltd.,* 676 F. Supp. 1388 (C.D. Ill. 1987), aff'd. 844 F.2d 473 (7th Cir. 1988); *Englestad v Virginia Municipal Hospital,* 718 F.2d 262 (8th Cir. 1983); *Adler v Montefiore Hospital Ass'n of Western Pennsylvania,* 311 A.2d 634 (Pa. 1973); *Blank v Palo Alto-Stanford Hospital Center,* 44 Cal. Rptr. 572 (Cal. App. 1965). Therefore, Plaintiffs are not entitled to a hearing under the applicable medical staff by-laws.

5. Plaintiffs have demonstrated no clear legal right to the relief which they seek nor any legally recognized interest in the subject matter of the exclusive contract between NMMC and ANESTHESIA ASSOCIATES.

6. Therefore, Plaintiffs have failed to show a substantial likelihood of success upon the merits as to any of their claims.

7. Furthermore, Plaintiffs have failed to demonstrate any irreparable harm. *Dos Santos v Columbus-Cuneo-Cabrine Medical Center,* 684 F.2d 1346 (7th Cir. 1982); *Rockland Physician Associates, P.C. v Grodin,* 616 F. Supp. 945 (S.D.N.Y. 1985). Accordingly, Plaintiffs have also failed to demonstrate that they have no adequate remedy at law available to them.

8. The Order Granting Emergency Motion for Temporary Injunction entered by Judge Alexander Gordon herein on November 22, 1989 be and the same is hereby VACATED and DISSOLVED.

9. Plaintiffs' Application for Temporary Injunction be and the same is hereby DENIED. *Sternberg v Hospital Corp. of America,* 14 FLW 1501 (Fla. 4th DCA, June 21, 1989).

10. ANESTHESIA ASSOCIATES is free to provide anesthesiology service at Parkway General Hospital pursuant to its exclusive arrangement with NMMC without interference from Plaintiffs.

11. Plaintiffs are ordered to forthwith file with this Court an amended bond which is to remain in full force and effect pending further order of this Court for the purpose of providing security to the Defendants for any damages which they may have suffered as a result of entry of the November 22, 1989 Order Granting Plaintiffs' Emergency Motion for Temporary Relief.

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 12th day of December, 1989.